## Case No. 6,939.

### HURST v. TEFT.

[12 Blatchf. 217; [1] 13 N. B. R. 108.]

Circuit Court, N. D. New York.  June 16, 1874.

#### BANKRUPTCY—PRACTICE UPON REVIEW.

1. The approved practice in this circuit is, to review in the circuit court by petition, and not by bill, an order made by the district court, in bankruptcy, in the exercise of the summary jurisdiction of the district court.

2. The circuit court has, however, jurisdiction to review such an order, on a bill filed in the circuit court, in a plenary suit, for the purpose, in the absence of any rule of the circuit court to the contrary. But a review in such manner is not favored.

3. G. proceeded by summary petition, in the district court, against the assignee of H., a bankrupt, to have appropriated to the payment of a claim, property in the hands of the assignee

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

which the petition averred was not the property of the bankrupt, but was the property of R., and was in the possession of the bankrupt as security for his endorsements of notes for the accommodation of R., a judgment on one of which notes constituted such claim of G.: *Held,* that such proceeding should not have been brought in the district court by a summary petition, but by a plenary suit, under section 2 of the bankruptcy act [of 1867 (14 Stat. 518)].

4. As the petition in the district court showed that the property was in the hands of the bankrupt for his indemnity against all the notes so endorsed by him, the aggregate of which outstanding was more than the proceeds of the property, it was not proper for the district court to summarily order that the judgment of G. be paid.

5. The fact that G., in recovering judgment against the bankrupt, levied an execution on the property as the property of the bankrupt, commented on, as being inconsistent with the claim set up in the petition in the district court.

[This was a bill in equity by George N. Hurst against Parker W. Teft, the assignee of Johnson W. Hoyt, a bankrupt.]

W. G. Tracy, for plaintiff.
Nicholas E. Kernan, for defendant.

WOODRUFF, Circuit Judge. 1. I am not prepared to say that the bill of complaint herein should be dismissed upon the ground that a summary order of the district court in a proceeding in bankruptcy cannot be reviewed by bill filed for the purpose. It is true, that the approved practice in this circuit, and the practice that has been uniformly sanctioned by this court, has been to bring the proceedings of the district court before this court by simple petition. That practice is most economical, speedy and convenient. Such a review was intended to be summary, as the proceeding to be reviewed is summary; and yet it has not heretofore been held that such review by bill is not warranted by the terms of the second section of the bankrupt law, which gives this court jurisdiction to review such summary orders by "bill, petition, or other proper process." On the other hand, I do not doubt the power of this court to prescribe by rule the mode in which such a review shall be sought. Nor do I think it doubtful, that, in the absence of any specific rule of the court, we are at liberty to treat this present bill, though brought in all the forms of a plenary and original suit in equity, as being in substance a petition for the review of the summary order made in the district court, and not to be dismissed because the petitioner has proceeded more formally than was necessary. This view of the nature of the proceeding here taken shows that the bill is not a "bill of review," technically so called, which is a proceeding in a plenary suit already brought, and for the review of the decree in such suit; and it is not, therefore, within the authority of the cases applicable to such a bill of review, on which the respondent relies. It is, on the other hand, a special proceeding founded on the statute, taken for a special

authorized purpose, and, though needlessly formal, it should not, I think, be dismissed on that ground. I trust, however, the case will not become an inconvenient precedent. Such a practice tends to unnecessary and mischievous delay in the settlement of estates, and in proceedings intended to secure the speedy appropriation of the property of bankrupts to the payment of their debts.

2. On the other hand, the controversy itself appears to have been, in the first instance, erroneously begun. The claim of the present petitioner was not the proper subject of summary jurisdiction in the district court, as that claim is now presented. The jurisdiction of that court, under the first section of the bankrupt law, over the property of the bankrupt, does, in terms, extend to the ascertainment and liquidation of the liens and other specific claims thereon. But the theory of the petitioner is, that the property which has come to the hands of the assignee is not the property of the bankrupt, but belongs to the firm of Reddington, Fobes & Co., and that it was in the possession of the bankrupt as security for the notes and endorsements which he had made for the accommodation of that firm, and that, by the recovery of his judgment upon one of the notes, the petitioner has become entitled to have that property of Reddington, Fobes & Co. applied to the debts which were secured thereby. This claim is, therefore, not the setting up of a lien upon the property of the bankrupt, but a claim wholly adverse to the title of the assignee and in denial of property in the bankrupt. Such a claim should, I think, have been prosecuted under the second section of the bankrupt law, when the assignee denied its validity and asserted title to the property, as property of the bankrupt. If the property in question belonged to the bankrupt, then the whole theory of the case now sought to be made by the petitioner fails. If the contest is, whether the bankrupt ever had title, or was a mere bailee or pledgee, holding it to secure advances, and having power of sale for account of the real owners, then the contest was of that adverse character which has been often held not to be within the summary jurisdiction conferred on the district courts by the first section of the bankrupt act.

3. Upon the case, as now claimed by the petitioner to have been made, it would have been eminently unjust for the district court to summarily order the property to be applied to the particular note held by the petitioner. Upon his own theory, the goods in the possession of the bankrupt belonged to Reddington, Fobes & Co., (or to their assignee in bankruptcy,) subject to the lien of Hoyt for indemnity against any and all of the notes and endorsements outstanding—not subject to a specific lien to protect him against the particular note held by the petitioner. There is no proof whatever, and, indeed, no claim, that there was any pledge of particular property to secure Hoyt against any particular

note or endorsement. Upon the theory of the petitioner, every holder of any of Hoyt's notes or endorsements has the same rights which the petitioner claims. Such notes appear to amount to very much more than the fund in the hands of Hoyt's assignee. In this view, then, it is not a case in which it would have been proper for the court summarily to direct the payment of the judgment recovered by the petitioner.

4. The petitioner himself, on the recovery of his judgment against Hoyt, the bankrupt, levied his execution upon the goods in question, as his property. This was wholly inconsistent with the claim which he now makes. I do not say that this is a conclusive fact, or that it estops his present claim, but, in a case in which there was conflict of testimony, and, at least, doubt whether the property was not so purchased by Hoyt as to vest in him the title, such a levy by the petitioner was a very impressive admission by him that the property belonged to the judgment debtor.

5. Finally, I am not satisfied that the conclusion of the district judge, that this note was, as testified, in substance, by Hoyt, given for goods actually purchased, was erroneous, or that all goods ordered after the spring of 1871 were not purchased. No doubt, he had given Reddington, Fobes & Co. accommodation paper. Hoyt's testimony is to the effect that the note held by the petitioner was not of that character. The circumstance that he had given such paper in advance or in anticipation of the maturity of his obligation to pay for his purchases, would not reduce his title to the goods to a mere lien.

Without entering into further detailed discussion, I am of opinion that it was not erroneous to deny the application of the petitioner for an order that the assignee apply the property to the payment of his judgment, and that such denial should be affirmed.